UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PENDLETON MEMORIAL METHODIST HOSPITAL     CIVIL ACTION

VERSUS     NO. 06-3004

GENERAL ELECTRIC CAPITAL CORPORATION     SECTION "N" (2)

## ORDER

Presently before the Court are Plaintiff's and Defendant's motions for summary judgment (Rec. Doc. Nos. 12 and 24). For the reasons stated herein, **IT IS ORDERED** that both motions are **DENIED**.

Both motions seek a ruling with respect to whether Defendant, by virtue of its assignments from RMS Capital Corporation ("RMS"), assumed RMS's obligation of paying third party vendors and suppliers under equipment lease agreements with Plaintiff. To the extent that Defendant did assume this obligation, and Plaintiff did not separately agree to forego any reliance on that obligation, the Court presently is not persuaded that Plaintiff would not have a right of action against Defendant. Regarding the question of that assumption, the Court notes that the March 17, 2000 Master Assignment Agreement between RMS and Defendant states: "Assignor hereby sells, assigns, transfers and sets over to Assignee all rights, *obligations*, title and interest, and *Assignee*

*agrees fully to accept and assume same*, (i) in, under and to those certain schedules executed pursuant to Leases . . . ." *See* Exh. A-1 to Defendant's motion for summary judgment (Rec. Doc. 12-6 at GECC 0179) (emphasis added). Nevertheless, considering the parties' written arguments and oral statements offered at the pre-trial conference, and the other contractual documents submitted, as well as the evidence offered relative to the parties' and RMS's courses of dealing, the Court is unable to decide these issues, as a matter of law, based on the summary judgment materials. Certain provisions of these contractual documents, when considered in light of the applicable factual circumstances, are, on the showing made, unclear in their meaning and consistency.[1]

Defendant's motion for summary judgment also seeks a favorable ruling regarding Plaintiff's "overpayment" argument. Although Defendant urges that the disputed payment amounts were appropriately collected and paid to satisfy applicable tax obligations, Plaintiff disputes that some or all of the taxes were in fact owed and/or paid. Based on the submitted materials and the

---

[1] The parties' pre-trial conference discussions of the pending motions revealed that the summary judgment submissions do not contain particular arguments now urged by the parties, and, similarly, do not contain certain pertinent documents. The undersigned emphasizes that it expects the parties' trial submissions to be complete and fully supported by citations to relevant evidence and, where appropriate, controlling law. In addition, although the parties seem to agree that the contractual documents provided by them are the correct documents, the Court notes that the two "Notices and Acknowledgments of Assignments" that have been submitted refer to Schedule Nos. 7 and 1, rather than Schedules Nos. 2 and 3. *See* Exhs. A-3 and A-4 to Defendant's motion for summary judgment at GECC 0067 and 00081. Similarly, the two "Specifications of Assigned Schedules" refer to a Master Assignment Agreement dated as of February 26, 2001, and a Master Lease Agreement dated February 1, 2001, rather than March 17, 2000, and September 1, 2000, respectively. *See* Exhs. A-3 and A-4 to Defendant's motion for summary judgment at GECC 0062 and 00086. The parties are instructed to confirm that the documents to be offered by them at trial are, in fact, the appropriate documents.


parties' oral statements made at the pre-trial conference, the Court is not able, on the showing made, to grant Defendant's motion. At trial, the parties will need to address the legal issue of whether taxes were owed, and offer evidence regarding actual payment.

New Orleans, Louisiana, this  18th  day of September 2007.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**